**STATE ex ROSS, d. b. a. JAN ROSS MOTOR CO., Relator, v. KING, Clerk of Courts et, Respondents.**

Common Pleas Court, Franklin County.

No. 192858.   Decided July 12, 1955.

Thomas W. Applegate, Columbus, for relator.

C. William O'Neill, Atty. Genl., Fred G. Reiners, Asst. Atty. Genl., Samuel L. Devine, Pros. Atty., Earl W. Allison, Asst. Pros. Atty., Columbus, for respondents.

## OPINION

By BARTLETT, J.

JUDGMENT OF DISMISSAL IN FAVOR OF THE RESPONDENTS IS HEREBY ENTERED IN THIS MANDAMUS PROCEEDING, AT RELATOR'S COSTS.

Relator in his petition recites that on or about June 21, 1955, as a resident of this county, he presented to Roy King, Clerk of Courts in this county, a duly executed application, with proper fee, for a Certificate of Title for a 1955 Oldsmobile Deluxe Convertible, Motor No V739643, Manufacturer's Serial No. 558MJ9934, and requested the issuance of a Certificate of Title for said motor vehicle. Relator further alleged said application was in accordance with §4505.06 R. C., and that Relator is entitled to the Certificate of Title as requested, and prays that a Writ of Mandamus issue, commanding the Respondents to accept said application and fee, and issue the Certificate of Title.

An alternative Writ of Mandamus was issued by the Court to the Respondents commandling them to act on said claim immediately on service of the writ, or show cause why they had not done so, on the 5th of July, 1955, at 1:30 P. M. before this Court.

At the time named a hearing was had in open court, with statements of counsel and sworn testimony concerning the matters at issue.

Many other facts were asserted in the petition and given in evidence at the trial. Numerous defenses were asserted by the Respondents, only one of which is necessary to be considered under the view which the Court takes of this case.

"It is well settled that the relator's right to the relief sought must be clear. In addition to this, * * * a plain dereliction of duty must be established against such person or officer, before the writ of mandamus will be awarded." 25 O. Jur., Mandamus, Sec. 23, p. 997;

"As has been previously pointed out, only those duties specially enjoined by law are enforceable in mandamus, and the right thereto must be certain and clear." Sec. 30, supra;

"The doctrine of clean hands would seem to apply here, as well as in equity." Sec. 41, supra;

"Likewise, if there is a substantial doubt as to the relator's right, the writ will be refused." Sec. 41, supra;

"Mandamus will not issue to compel the doing of an act which the law forbids, or to command the performance of an act which would be unauthorized or unlawful, in the absence of the writ." Sec. 46, supra;

"Moreover, the remedy is unavailable where the relator has not complied with all the conditions precedent, as required by ordinance." Sec. 179, supra;

"And since the compliance with the statute relating to the letting of a bid for public works is a condition precedent to the award thereof, a petition in mandamus to compel the letting of a contract to the relator must allege the compliance therewith." Sec. 249, supra.

The application for the Certificate of Title referred to in Relator's petition was offered in evidence. The application was signed "Jan Ross Motor Co. by Jo Zimmerman, O. M." (Office Manager); and the Relator, the real party in interest in this case, acted as Notary Public thereon; but it was admitted by both the Relator and Miss Zimmerman, that the Relator was not present when she signed the application, and that she never had been sworn to the application, even though the Relator as the Notary Public had certified that she had so sworn thereto. In fact the evidence disclosed the Relator would sign the blank applications in advance, as Notary Public, and leave them in the possession of his Office Manager to be used as needed.

**Sec. 4505.06 R. C.,** expressly prescribes:

"Application for a certificate of title shall be made upon a form prescribed by §4505.07 R. C., and shall be sworn to before a notary public or other officer empowered to administer oaths." (Emphasis ours.)

The form prescribed by §4505.07 R. C., supra, provides for such an oath.

"The oaths and affirmations that were known to the English Common law, were not dispensed with by the Ohio Constitution." **30 O. Jur. Oath and Affirmation, Sec. 1, p. 445; Art. I, Sec. 7, Ohio Constitution.**

"The General Code provides that a person may be sworn in any form he deems binding on his conscience." * * *, "and such obligation will satisfy the requirements of the law, for the reason that it binds his conscience so as to influence him to speak the truth." **Sec. 4, supra.**

"It has been said that the purpose of the oath is not to call the attention of God to the witness, but the attention of the witness to God; not to call upon Him to punish the false swearer, but on the witness to remember that He will assuredly do so. By thus laying hold of the conscience of the witness and appealing to his sense of accountability, the law best insures the utterance of truth." **Sec. 2, supra; Clinton v. State, 33 Oh St 27.**

"Moreover, when subjected to the sanction of an oath, and formally sworn, a person is exposed to the penalty of a prosecution for perjury if he testifies falsely and corruptly." **39 Am. Jur. p. 495.**

An order of attachment without the requisite affidavit is void. **Endel v. Leibrook, 33 Oh St 254.**

If the affidavit is defective, jurisdiction is not conferred over the defendant in an attachment proceeding, by the reason of his having given the required bond. **Iron Co. v. Hazen, 11 C. C. (N. E.) 48,** affirmed in **81 Oh St 511.**

"Where the notary public never actually administered the oath, and none of the formalities required in the execution of a chattel mortgage was complied with, no cause of action can be based upon such defectively executed mortgage." **Cincinnati Finance Co. v. First Discount Corp., 9 OO 498.**

"2. An affidavit not signed by the affiant in the presence of the notary and not sworn to as required by law is no affidavit, and the lien attempted to be secured by a chattel mortgage with such defectively executed affidavit is invalid." **Central Acceptance Co. v. Mundy, 29 N. P. (N. S.) 527.**

"2. Where, in order to comply with §4151 RS, it is necessary to deposit a chattel mortgage, or a true copy, at the office of a county recorder, and also with the clerk of the township of the residence within the state of one of the mortgagors, the statute is not satisfied by depositing in one place the mortgage duly verified by the sworn statement of the mortgagee, and at the other a copy of the mortgage, with a copy of such statement indorsed thereon, but it is necessary that on each instrument so deposited, there should be an original sworn statement." **Cross, Trustee, v. Carstens, 49 Oh St 548.**

Spear, C. J., in delivering the opinion of the court in the foregoing case on page 575 calls attention to numerous decisions of the Supreme Court of Ohio, and then states:

"These cases are instructive as showing the strictness with which the court has held parties to a compliance with the statute, and that defective instruments, or affidavits, will not be cured."

"The statement under oath required of the mortgagee under §4154, R. S., of the amount of his claim and that it is just and unpaid, must be made on the mortgage and authenticated by the signature of the officer administering the oath; and where this is not done the mortgage is of no effect as a lien against a creditor of the mortgagor, who has caused an execution to be levied upon the property." **Benedict v. Peters et, 58 Oh St 527.**

Minshall, J., in delivering the opinion of the Ohio Supreme Court in the preceding case on page 534, says:

"The statement required by this section to be made under oath by the mortgagee on the mortgage, as to the amount of his claim and that it is just and unpaid, is vital to the spirit of the statute in the light of the mischief it was intended to prevent. It subjects the conscience of the party to the severe test of an oath as to the amount and justice of his claim to be secured by the mortgagee. * * * But where the oath is in fact taken and certified by the officer on the mortgage, the affiant may, in addition to the exposure of his fraud, be prosecuted for perjury."

On a little reflection we can readily recognize the propriety of the holdings of the courts as to the sanctity of oath in business matters where it is required by law, and the dangers that arise in such transactions, where a practice develops of not actually requiring such oath be taken.

The so-called application of the Relator in the instant case presented to the Clerk of Courts for a Certificate of Title to a valuable motor vehicle was in law no application as such. It was signed by the Relator himself as Notary Public under circumstances which made his act illegal and fraudulent. Illegality and fraud vitiate whatever they touch and destroy the effect of that of which they are a part.

An excessive abuse has developed in the use of Notary Public Commissions by large business concerns in the tendency to treat such commissions purely as commercial conveniences, rather than as legal safeguards of the rights of the people involved in the buying of merchandise and other articles of trade. Under the law persons serving as Notaries Public are subject to a fine and jail sentence, if they certify affidavits without giving the oath required; and if convicted, shall be removed from such office. **Secs. 147.14 and 147.99 R. C.**

The Prosecuting Attorney's office are of counsel in this case, and they should lend their assistance in breaking up the practice of mis-using Notary Public Commissions issued by the State of Ohio, to safeguard and protect the rights of its people.

It is to the credit of the Columbus Bar Association that it has a standing committee that works hard, trying to advise and acquaint Notaries Public with their duties.

Other important issues might have been decided in this case had the application in question been properly executed; but the defective application bars the use of the instant case as a means of testing those matters.

The Court enters a judgment of dismissal of this cause at relator's costs; and an entry may be prepared accordingly with exceptions by counsel for the Relator.