**LIBERTY OPTICAL MANUFACTURING COMPANY, Plaintiff v. ANCHOR OPTICAL CO., INC., Defendant.**

Common Pleas Court, Franklin County.

No. 196247.   Decided March 8, 1957.

Joseph J. Van Heyde, Columbus, for receiver.
Roland A. Sedgwick, Gumbel & Hofheimer, Lurie & Gifford, Columbus, for creditors.

## OPINION

By BARTLETT, J.

PRIORITY OF LIENS OF SECURED CREDITORS OF DEFENDANT COMPANY DETERMINED BY THE COURT, UPON REQUEST OF ITS RECEIVER AFTER NOTICE TO SUCH CREDITORS.

By an agreed statement of facts by counsel for the creditors, the matter before the court is the determination of the priority of the liens of the secured creditors of the defendant company, at the request of its receiver after notice to such creditors.

On September 23, 1955, the defendant company executed five notes for $700.00 each and one for $773.62 to Meyer Optical Company and on the same date executed and delivered to said optical company its chattel mortgage on its property for $4273.62 to secure the payment of said notes. On April 23, 1956, the indebtedness secured by said chattel mortgage had been reduced to $2871.48.

On June 19, 1956, the defendant company gave Meyer Optical Company another chattel mortgage to cover the balance of $2871.48 due under its previous chattel mortgage, dated September 23, 1955, and an additional book account of $1769.48, making a total of $4641.26, secured by chattel mortgage dated June 19, 1956.

Each of the aforesaid chattel mortgages was properly filed with the Recorder of this county on the date of their execution.

On October 31, 1955, the defendant company executed to Coburn Manufacturing Company its note and chattel mortgage in the sum of $2449.18; and the said chattel mortgage was on said date filed with the Recorder of this county, but no sworn statement was placed thereon or attached thereto, as required by §1319.04 R. C., setting forth the amount of the claim and that it was just and unpaid.

"1. A chattel mortgage is not complete or entitled to be filed until the affidavit, showing the amount owing from the mortgagor to the mortgagee, has been properly executed.

"2. An affidavit not signed by the affiant in the presence of the notary and not sworn to as required by law is no affidavit, and the lien attempted to be secured by a chattel mortgage with such defectively executed affidavit is invalid." Central Acceptance Co. v. T. W. Mundy, 29 N. P. (n. s.) 527,

cited with approval in case of State, ex rel. Ross v. King, Clerk, etc., 70 Abs 554.

Consequently, the claim of Coburn Manufacturing Company must be treated solely as that of a general creditor.

The defendant company executed its note and chattel mortgage as security therefore in the sum of $4042.44 to the Continental Optical Company; on May 4, 1956, said chattel mortgage was properly filed with the Recorder of this county.

The Meyer Optical Company claims their chattel mortgage dated September 23, 1955, for $4273.62 is the first and best lien on the property

described therein, for the full amount thereof, notwithstanding the indebtedness secured thereby had been reduced to $2871.48 on April 23, 1956.

"The taking of a second mortgage to secure the same debt secured by the first mortgage upon the renewal of a note secured by the first mortgage and upon the same property does not operate as a satisfaction and release in law of the first mortgage or extinguish or cancel it so as to let in an intervening mortgage to take precedence of the first." 10 Am. Jur. Chattel Mortgages, Sec. 230, p. 866.

"The mere taking of a new note and mortgage for the same debt and covering the same property does not discharge or displace the lien of an existing mortgage unless such was the intention of the parties." 10 Am. Dec. Sec. 229, p. 866.

"The substitution and taking of a new note for one secured by mortgage do not extinguish the debt evidenced by the latter so as to discharge the mortgage, unless such was the intention of the parties, shown by something besides what arises from the mere act of substitution. The reason is that the mortgage secures the debt, not merely the evidence of it, and as a change in the evidence does not pay the debt, the lien of the mortgage is not thereby affected." 10 Am. Dec. Sec. 228, p. 865.

See to same effect, 14 C. J. S. Chattel Mortgages, Sections 338, 339 and 340, pp. 986-989.

It is, therefore, the ruling of the Court that the balance of $2871.48 due Meyer Optical Company on April 23, 1956, on the indebtedness secured by the chattel mortgage dated September 23, 1955, is the first and best lien as of that date, on the property described therein, after the payment of taxes and costs herein, notwithstanding that the same indebtedness is covered by the chattel mortgage dated June 19, 1956.

"A mortgage is security only for such demands or indebtednesses as are within the contemplation of the parties at the time of its execution." 14 C. J. S. Chattel Mortgages, Sec. 108, p. 721.

"A chattel mortgage will stand as security for a future indebtedness of the mortgagor to the mortgagee if that is the intention of the parties, but, in order for it to so operate, there must be an unequivocal agreement to that effect." 14 C. J. S. Chattel Mortgages, Sec. 110, p. 722.

"There is, however, a tendency on the part of some courts to insist that such a mortgage can cover only such future advances as were in the contemplation of the parties at the time it was made, at least so construe mortgages and hold them not valid security for money advanced under a subsequent agreement." 10 Am. Jur. Chattel Mortgages, Sec. 43, p. 745.

"And this court coming now to render such judgment as the court of appeals should have rendered, it appearing that the original notes aggregating $330 upon which defendant in error was surety have been paid in full, thereby discharging the note of $330 executed and delivered to defendant in error contemporaneously with the chattel mortgage and which debt was the debt described in the affidavit to said chattel mortgage when the same was filed with the county recorder, and this

court being of the opinion that this chattel mortgage could not be made to apply to other liabilities incurred by defendant in error for said mortgagors by a verbal contract or arrangement between the parties of which a subsequent mortgagee had no knowledge and which were not described in the affidavit to said chattel mortgage, it is therefore, ordered and adjudged that the petition of the defendant in error be and the same hereby is dismissed." **Hurlburt et al. v. Bates**, Per Curiam opinion, **90 Oh St 430.**

"3. The law of a state relating to chattel mortgages must be accepted by federal courts.

"4. Where a subsequent mortgage between the same parties was to secure debt $4000 in excess of amount secured by mortgage executed more than a year previously, lien did not attach as of date of execution of first mortgage, on ground the later mortgage was a continuation thereof." Murphy Hotels Corp. v. Central National Bank, etc., 18 F. (2d) 719; Certiorari denied, 275 U. S. 534.

"1. The lien of a chattel mortgage given to secure future advances under a contract made in good faith is valid and enforceable to the extent of the amount due at the time when adverse rights attach to the property.

"* * *

"3. The lien of a chattel mortgage to secure future advances will attach only from the date of the advances and not from the date of the mortgage." **Stratton et. Receiver, etc. v. Wright Manufacturing Co. et., 15 Abs 658.**

"A mortgage with a clause to secure future advances, will be postponed to a second mortgage placed upon record prior to the making of the future advances, to the extent of such advances." **Spader, et al. v. Lawler, 17 Ohio, 371.**

The Spader case, supra, was cited with approval in the Stratton case, supra, and also in the case of West v. Klotz, 37 Oh St 420, 427.

The Court, therefore, finds that indebtedness covered by the chattel mortgage to the Meyer Optical Company, dated June 19, 1956, in excess of the $2871.48 covered by both mortgagees, does not date back to the date of the first mortgage, but became a valid lien on said property on June 19, 1956, and consequently is inferior to the lien of the Continental Optical Cmpany which the Court finds became a valid lien on May 4, 1956, the filing date of its chattel mortgage.

On August 13, 1956, a Federal Tax Lien for $3358.08 was filed in our Recorder's office, and became a valid lien on that date on the property of defendant company.

On August 16, 1956, the defendant company executed its note and chattel mortgage to secure the note in the sum of $916.35 to the Univis Lens Company, and on the same date the chattel mortgage was properly filed in the Recorder's office, and the Court finds it became a valid lien on said date on defendant's property.

To summarize, after the payment of taxes and costs, the Court finds the priority of liens on defendant's property as follows:

1. September 23, 1955, the Meyer Optical Company in the sum of $2871.48;

2. May 4, 1956, the Continental Optical Company in the sum of $4042.44 with interest;

3. June 19, 1956, the balance due the Meyer Optical Company under its mortgage of that date;

4. August 13, 1956, the Federal Tax Lien;

5. August 16, 1956, the Univis Lens Company in the sum of $916.35 with interest.

Entry accordingly with exceptions by respective counsel.